UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMIE HALEY** | : | **CIVIL ACTION NO. 2:10-cv-1780** |
| **#501442** | | |
| | : | **SECTION P** |
| **VERSUS** | | |
| | : | **JUDGE MINALDI** |
| **CALCASIEU SHERIFF'S** | | |
| **PRISON, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the civil rights complaint filed *in forma pauperis* by plaintiff, Jamie Haley. At the time plaintiff filed this complaint, he was an inmate in the custody of Louisiana's Department of Public Safety and Corrections and was housed in the Calcasieu Sheriff's Prison in Lake Charles, Louisiana.

On April 27, 2012, plaintiff filed a motion for clarification wherein he notified the court that he had been transferred to Avoyelles Correctional Center. Doc. 16.

The Clerk of Court sent documentation to plaintiff on October 15, 2012, and October 18, 2012, to his last supplied address. Docs. 18, 19. The former was returned to the Clerk's office, and was marked "Return to Sender. Refused. Unable to Forward," while the later had the notation "Return to Sender. Not Here."

A district court may dismiss an action if the plaintiff fails to prosecute the case. Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action *sua sponte, without motion by a defendant." McCullough v. Lynaugh*, 835 F.3d 1126 (5th Cir. 1988) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). "The power to invoke this sanction is

necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629–30.

Local Rule 41.3 of the United States District Court, Western District of Louisiana provides the following:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

More than thirty days have elapsed since the court's correspondence was returned.

Accordingly, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 6th day of February, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE